UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTONIO BRAZILE, | ) | 1:09-cv-00215-BAK-GSA HC |
| | ) | |
| Petitioner, | ) | ORDER REQUIRING RESPONDENT TO FILE |
| | ) | RESPONSE TO AMENDED PETITION (Doc. 12) |
| v. | ) | |
| | ) | ORDER SETTING BRIEFING SCHEDULE |
| | ) | |
| KATHY MENDOZA-POWERS, | ) | ORDER DIRECTING CLERK OF COURT TO |
| | ) | SERVE DOCUMENTS |
| Respondent. | ) | |
| | ) | |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On January 23, 2009, Petitioner filed his original petition in the Sacramento Division of this Court. (Doc. 1). On February 3, 2009, the matter was transferred to the Fresno Division. (Doc. 3). On April 22, 2009, the Court ordered Petitioner to file an amended petition because the original petition did not indicate whether Petitioner had ever exhausted the issues in the original petition and because it appeared that the petition may be untimely. (Doc. 11). On May 11, 2009, Petitioner filed his amended petition. (Doc. 12).

The Court has conducted its preliminary screening of the amended petition. Regarding the Court's exhaustion concerns, Petitioner has indicated that he has exhausted his claims before the

1

California Supreme Court. Regarding the statute of limitations, Petitioner has provided additional information regarding the pendency of his state court habeas petitions. However, Petitioner has been unable to provide information regarding the filing date of the Superior Court habeas petition, and the Court has been unable to discover that date through its own devices. The Court's preliminary review of the petition's timeliness turns on the date that particular petition was filed. Accordingly, based on the current record, the Court has insufficient information on which to make a final determination regarding timeliness. Moreover, it is not clear from the face of the Petition whether Petitioner is entitled to relief. 28 U.S.C. § 2243. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the Court HEREBY ORDERS:

1. Respondent SHALL FILE a RESPONSE to the Amended Petition[2] within **SIXTY (60) days** of the date of service of this order. See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing a response). A Response can be made by filing one of the following:

    A. AN ANSWER addressing the merits of the Amended Petition. Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. See Rule 5 of the Rules Governing Section 2254 Cases. Any argument by Respondent that Petitioner has *procedurally defaulted* a claim SHALL BE MADE in an ANSWER that also addresses the merits of the claim asserted.

---

[1] The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions." Fed.R.Civ.P. 81(a)(4). Rule 11 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules." Rule 11, Rules Governing Section 2254 Cases.

[2] Respondent is advised that a scanned copy of the Amended Petition (Doc. 12) is available in the Court's electronic case filing system ("CM/ECF").

2

B. A MOTION TO DISMISS the Amended Petition.[3] A Motion to Dismiss SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings. See Rule 5, Rules Governing Section 2254 Cases.

2. If Respondent files an Answer to the Amended Petition, Petitioner MAY FILE a Traverse within **THIRTY (30) days** of the date Respondent's Answer is filed with the Court. If no Traverse is filed, the Petition and Answer are deemed submitted at the expiration of the thirty days.

3. If Respondent files a Motion to Dismiss, Petitioner SHALL FILE an Opposition or Statement of Non-Opposition within **THIRTY (30) days** of the date Respondent's Motion is filed with the Court. If no Opposition is filed, the Motion to Dismiss is deemed submitted at the expiration of the thirty days. Any Reply to an Opposition to the Motion to Dismiss SHALL be filed within **EIGHT (8) days**, plus three days for mailing.

4. Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court within **SIXTY (60) days** a Consent/Decline form indicating whether the party consents or declines to consent to the jurisdiction of the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

5. The Clerk of the Court is DIRECTED to SERVE a copy of this order on the Attorney General or his representative.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 78-230(h). All provisions of Local Rule 11-110 are applicable to this order.

---

[3] Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer or *other pleading . . . or to take other action the judge may order*." Rule 4, Rules Governing Section 2254 Cases (emphasis added); see, also, Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust.); also, White v. Lewis, 874 F.2d 599, 60203 (9th Cir.1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

IT IS SO ORDERED.

Dated: **May 14, 2009**       **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

4