1

2

3

4

5

6

7

8      UNITED STATES DISTRICT COURT

9      EASTERN DISTRICT OF CALIFORNIA

10

11   ANTONIO BRAZILE,                    )    1:09-cv-00215-LJO-JLT HC
                                         )
12              Petitioner,              )    FINDINGS AND RECOMMENDATION RE:
                                         )    RESPONDENT'S MOTION TO DISMISS
13        v.                             )    THE AMENDED PETITION (Doc. 21)
                                         )
14   KATHY MENDOZA-POWERS,               )    ORDER DIRECTING OBJECTIONS TO BE
                                         )    FILED WITHIN TWENTY DAYS
15              Respondent.              )
                                         )
16   _____)

17

18                          **PROCEDURAL HISTORY**

19   _____Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on

21   January 20, 2009, challenging the Board of Parole Hearings' ("the Board's") November 2, 2006

22   decision denying parole to Petitioner.[1]   (Doc. 1).  On May 11, 2009, pursuant to the Court's order,

23

24        [1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is
     deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court
25   clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
     mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be
26   adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The
     Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the
27   AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, vacated and remanded on
     other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226 (2002). The date the petition is signed may be considered the
28   earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v.
     Johnson, 330 F.3d 1146, 1149 n. 2 (9th cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal

                                              1

Petitioner filed an amended petition.  (Doc. 12).  On May 14, 2009, the Court ordered Respondent to file a response to the amended petition.  (Doc. 13).  On July 8, 2009, Respondent filed the instant motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1).  (Doc. 21).  On August 11, 2009, Petitioner filed his opposition to Respondent's motion to dismiss.  (Doc. 22).

## DISCUSSION

### A.  Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on a violation of 28 U.S.C. § 2244(d)(1)'s one-year limitation period.  Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default, and because Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

### B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

---

petition, the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.  Petitioner signed the instant petition on January 20, 2009.  (Doc. 1, p. 13).

1    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

2  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

3  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

4  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586

5  (1997).  The instant petition was filed on January 20,  2009, and thus, it is subject to the provisions

6  of the AEDPA.

7    The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

8  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

9  reads:

10    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
     corpus by a person in custody pursuant to the judgment of a State court.  The
11    limitation period shall run from the latest of –

12    (A) the date on which the judgment became final by the conclusion of direct
     review or the expiration of the time for seeking such review;
13

14    (B) the date on which the impediment to filing an application created by
     State action in violation of the Constitution or laws of the United States is removed, if
15    the applicant was prevented from filing by such State action;

16    (C) the date on which the constitutional right asserted was initially recognized by
     the Supreme Court, if the right has been newly recognized by the Supreme Court and made
17    retroactively applicable to cases on collateral review; or

18    (D) the date on which the factual predicate of the claim or claims presented
     could have been discovered through the exercise of due diligence.

19    (2) The time during which a properly filed application for State post-conviction or
     other collateral review with respect to the pertinent judgment or claim is pending shall
20    not be counted toward any period of limitation under this subsection.

21  28 U.S.C. § 2244(d).

22    The AEDPA's one year statute of limitations, as embodied in § 2244(d)(1), applies to habeas

23  petitions challenging an administrative decision in the context of a parole board determination.

24  Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004); see Redd v. McGrath, 343 F.3d 1077, 1080

25  n. 4 (9th Cir. 2003).  Under subsection (d), the limitation period begins to run on "the date on which

26  the factual predicate of the claim or claims presented could have been discovered through the

27  exercise of due diligence."  In the context of a parole board decision, the factual basis is the parole

28  board's denial of a petitioner's administrative appeal.  Shelby, 391 F.3d at 1066; Redd, 343 F.3d at

1  1082-1083.  Thus, the statute of limitations begins to run the day following a petitioner's notification

2  of the parole board's decision.  Id.  Where the date Petitioner received notice of the parole board's

3  hearing is not part of the record, Shelby rejected the notion that remand for an evidentiary hearing

4  was required to determine the date on which a petitioner found out about the hearing, apparently

5  establishing instead a presumption that an inmate will in fact receive notice on the day the denial is

6  issued, and that date will be used to calculate the statute of limitations unless the petitioner rebuts

7  that presumption:

8        "Here, as in Redd, Shelby does not dispute that he received timely notice of the denial of his
         administrative appeal on July 12, 2001, and he offers no evidence to the contrary.  Therefore,
9        the limitation period began running the next day."

10  Shelby, 391 F.3d at 1066.

11        In this case, Petitioner does not contest the fact that he was present at the Board hearing on

12  November 2, 2006, nor does he contest the fact that, as evidenced in the transcript of the hearing, he

13  was advised at the conclusion of the parole hearing that parole was denied.  (Doc. 1, Ex. A, p. 72).

14  Instead, Petitioner has a twofold argument for why the one-year limitation period commenced at a

15  later time.  First, Petitioner argues that the transcript of the Board's decision indicates on its face that

16  the Board's decision would not become final until March 2, 2007.  (Doc. 21, Ex. 1, p. 108).  Second,

17  Petitioner submits evidence that he did not receive a transcript of the Board's hearing until February

18  13, 2007.  (Doc. 22, p. 11).  Petitioner argues that because he could not file a state habeas petition to

19  exhaust his state remedies without the Board transcript and could not obtain review of the Board's

20  decision until it was final, the one-year period should not have commenced until March 2, 2007.

21  (Doc. 22, pp. 1-9).  Petitioner is mistaken.

22        The AEDPA's one-year limitation period is set forth in full in § 2244(d)(1).  That section

23  governs the starting date for the one-year period.  Nothing in that section provides, explicitly or

24  implicitly, that the commencement of the one-year period should be delayed in order to

25  accommodate a petitioner's practical considerations in attempting to exhaust his state remedies.  In

26  other words, the AEDPA's statute of limitations is separate and distinct from any exhaustion

27  requirements imposed by federal law.  Although it is understandable that Petitioner would prefer a

28  later commencement date for the one-year period, thus effectively extending the time in which to file

1    a federal petition, nothing within the AEDPA provides for such an eventuality.

2         As mentioned, it is uncontroverted that Petitioner was present at the November 2, 2006

3    hearing and that the Board announced its decision denying him parole at the conclusion of that

4    hearing.  Accordingly, Petitioner learned of the factual predicate for his claim at that time.  Thus, the

5    one-year period would have commenced the following day, i.e., on November 3, 2006, and would

6    have expired, absent applicable tolling, one year later, on November 2, 2007.  Shelby, 391 F.3d at

7    1066.

8         This petition was not filed until January 20, 2009, almost fifteen months after the one-year

9    period would have expired.  Thus, unless Petitioner is entitled to either statutory or equitable tolling,

10   the petition is untimely and should be dismissed.

11        C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

12        Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

13   application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

14   § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

15   governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

16   U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

17   petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

18   delay in the intervals between a lower court decision and the filing of a petition in a higher court.

19   Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

20   by Waldrip v. Hall, 548 F.3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

21   omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

22   536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

23   (9th Cir. 1999).

24        Nevertheless, there are circumstances and periods of time when no statutory tolling is

25   allowed.  For example, no statutory tolling is allowed for the period of time between finality of an

26   appeal and the filing of an application for post-conviction or other collateral review in state court,

27   because no state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007.

28   Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of

1    a federal petition. Id. at 1007.   In addition, the limitation period is not tolled during the time that a

2    federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120

3    (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16,

4    2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already

5    run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)

6    ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the

7    state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner

8    is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See

9    Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

10         Here, the record establishes that Petitioner filed the following state court habeas petitions: (1)

11   filed October 17, 2007 in the Los Angeles County Superior Court, and denied on February 19, 2008

12   (Doc. 21, Exs. 1 & 2); (2) filed in the California Court of Appeal, Second Appellate District, on

13   March 10, 2008, and denied on March 21, 2008 (Doc. 21, Exs. 3 & 4); and (3) filed in the California

14   Supreme Court on March 10, 2008, and denied on September 17, 2008.  (Doc. 21, Exs. 5 & 6).

15         As can be seen from the foregoing chronology, the one-year period commenced on November

16   3, 2006, and ran unabated until Petitioner filed his first state habeas petition on October 17, 2007.  At

17   that point, 348 of Petitioner's 365 days had elapsed, leaving Petitioner with only seventeen days

18   remaining within which to file his federal habeas petition.  Assuming, without deciding, that all three

19   of Petitioner's state court petitions were "properly filed" within the meaning of the AEDPA such that

20   Petitioner would be entitled to statutory tolling during the pendency of all three proceedings as well

21   as the intervals separating them, the one-year period would have re-commenced on the day following

22   the California Supreme Court's denial of his last state habeas petition on September 17, 2008, on

23   September 18, 2008, and would have run unabated until the one-year period expired seventeen days

24   later, on October 5, 2008.  As discussed, the instant petition was not filed until January 20, 2009,

25   over three months later.  Thus, unless Petitioner is entitled to equitable tolling, the petition must be

26   dismissed as untimely.

27         D.  Equitable Tolling

28         The limitation period is subject to equitable tolling when "extraordinary circumstances

6

beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner has made no express claim of entitlement to equitable tolling. However, the Court will presume, for purposes of this motion, that Petitioner would argue his entitlement to equitable tolling for the time during which he waited for his transcript of the Board hearing and until the Board's decision became final on March 2, 2007.

First, as mentioned above, Petitioner had knowledge of the factual basis for his claim on November 2, 2006, when the Board announced its decision. Although the Board may have indicated that, for administrative purposes, the decision would not be final until March 2, 2006, that fact would not have precluded any effort by Petitioner to exhaust his claims in the California courts. Second, Petitioner's lack of a hearing transcript between November 2, 2006 and February 13, 2007, i.e., for approximately two months at the commencement of the one-year period, while a legitimate consideration when seeking to exhaust claims in state court, nevertheless left Petitioner almost ten months within which to file state petitions to exhaust his claims and then still be able to timely file his federal petition.

The fact that Petitioner did not file his first state habeas petition until October 17, 2007, over seven months after the Board's decision became final and over eight months after Petitioner had received his transcript of the Board hearing, undercuts any claim that *but for* circumstances beyond Petitioner's control, i.e., the finality of the Board's decision and receipt of the hearing transcript, he

would have timely filed his petition.  Nothing prevented Petitioner from conducting legal research and drafting of the legal arguments for his federal petition during the period between November 2, 2006 and March 2, 2008, while Petitioner was awaiting receipt of the transcript and the finality of the Board's decision.  Had Petitioner acted diligently, he would then have been able to commence exhaustion of his state court remedies much earlier, thereby avoiding the penal provisions of the AEDPA's one-year limitation period.  A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence. See, Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); see, also, Miles, 187 F.3d at 1107.  Here, Petitioner has failed to establish that he acted with diligence; thus, he is not entitled to equitable tolling.

## **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss (Doc. 21),  be GRANTED and the amended habeas corpus petition (Doc. 12), be DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitation period.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:  **January 28, 2010**                                    _____
_____                                                                   **/s/ Jennifer L. Thurston**
                                                                          UNITED STATES MAGISTRATE JUDGE

8